■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE MCLEOD, Appellant.—Appeals by defendant (1) from a judgment of the Supreme Court, Kings County, rendered June 25, 1976, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2) (by permission) from two orders of the same court, both entered May 24, 1977, which denied defendant's motions to vacate the judgment of conviction and sentence, respectively. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Appeals from the orders dismissed as academic in light of the determination on the appeal from the judgment. On August 11, 1975 defendant was apprehended by tenants of 89 Powell Street in Brooklyn, sometime around midnight, as he descended an interior staircase carrying a television set. Cradley Burkett was found stabbed to death in the living room of his apartment, the same apartment into which the defendant had been trying to lift a television set from the fire escape, according to the trial testimony of one of the tenants. Defendant was indicted and tried on two counts of murder in the second degree, and was convicted by a jury on the felony murder charge. Defendant had given conflicting statements to police investigating the crime. During the trial he unwaveringly claimed to be innocent of the homicide, naming another person, not charged, as the perpetrator. Defendant also claimed not to have been armed, not to have known that his companion was armed, and not to have anticipated any physical violence against the deceased. In fact, no weapon was found. We find that, minimally, the defendant offered sufficient testimony relative to the affirmative defense to felony murder to raise a question of fact for the jury's consideration. Although no request was made by defense counsel to instruct the jury on that affirmative defense, it behooved the trial court to give the instruction on its own. Additionally, our review of the trial record indicates there occurred certain instances of improper conduct on the part of the prosecutor in the manner in which, and in the depth to which, inquiry and comment were made upon defendant's prior record (see People v Artis, 67 AD2d 981). For these reasons, we conclude that defendant was deprived of a fair trial. As a result, the judgment of conviction must be reversed, and defendant granted a new trial. O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.