■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENITO VALENTI, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 24, 1979, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts have been considered and have been found to be established. At trial, both defendant and his girlfriend testified as to their actions on the night of the robbery. On cross-examination, each was questioned concerning a joint bank account they had maintained. Defendant's girlfriend testified that approximately one week before the robbery they had discovered that the bank had mistakenly credited $6,000 to their account, which had had a previous balance of only $60. She admitted that she had never informed the bank of its error and that when defendant was arrested she had used the passbook as collateral for his bail bond. Defendant testified that he too had never informed the bank of its error, that he had been aware of the fact that the passbook was being used as collateral for his bail bond, and that he had signed a statement for the bonding company that the money in the account was his and was being assigned to the bonding company. This evidence was offered for the limited purpose of impeaching the credibility of the defendant and his girlfriend. Nevertheless, on summation, the prosecutor did not comment on their conduct with regard to the bank account as rendering them unworthy of belief. Instead, he referred to it as "[getting] somebody else's six thousand dollars". He stated: "Somebody is out six thousand dollars. The funds, the money it's misappropriated from somebody." These and other similar remarks by the prosecutor could only have served to prejudice the jury. Inasmuch as the evidence concerning the bank account was admitted solely for the purpose of impeaching the credibility of the defendant and his girlfriend, the prosecutor's extensive reference to and inappropriate emphasis on this conduct was clearly improper (cf. *People v McLeod,* 71 AD2d 930). Accordingly, the judgment of conviction must be reversed, and a new trial ordered. Hopkins, J. P., Mangano, O'Connor and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLY WILLIAMS and PHILLIP BASS, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Westchester County, both rendered October 2, 1978, convicting each defendant of robbery in the first and second degrees (two counts) and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentences. Judgments affirmed. Although defendant Wally Williams' arrest was not supported by probable cause, the hearing court's error in failing to suppress the $350 seized by the police from Williams' person as a fruit of that illegal arrest was harmless beyond a reasonable doubt in view of the identification testimony (see *People v Almestica,* 42 NY2d 222). The other contentions raised by defendants have been considered and found to be without merit. Mollen, P. J., Lazer, Cohalan and Margett, JJ., concur.