**Wally WILLIAMS, Petitioner,**

v.

**Eugene LEFEVRE, Clinton Correctional Facility, Respondent.**

**No. 82 Civ. 5090.**

United States District Court,
S.D. New York.

Dec. 1, 1982.

Wally Williams, pro se.

Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N.Y., for respondent; Gerald D. Reilly, Asst. Dist. Atty., White Plains, N.Y., of counsel.

OPINION

EDWARD WEINFELD, District Judge.

The application for a writ of habeas corpus pursuant to 28 U.S.C., section 2254, is denied.

■ Petitioner's first claim for relief, upon the ground that his Fourth Amendment rights were violated, fails. He was afforded a full and fair opportunity at an evidentiary hearing to present his claim in the state court and it was rejected. Accordingly, he is not entitled to federal habeas corpus relief. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Moreover, upon the appeal from his judgment of conviction the Appellate Division found that although petitioner's "arrest was not supported by probable cause, the [trial] court's error in failing to suppress the $350 cash seized from petitioner's person as a fruit of that illegal arrest was ¹harmless beyond a reasonable doubt in view of the identification testimony." *People v. Williams,* 78 A.D.2d 558, 432 N.Y.S.2d 14, 14 (2d Dep't 1980). Not only is there no convincing evidence that this factual determination was erroneous, 28 U.S.C., section 2254(d); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), but this Court's own

review of the trial record fully supports that determination. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Indeed, the identification testimony of the two witnesses employed in the supermarket where the holdup occurred were so positive that it was not challenged upon the appeal from the judgment of conviction.

■ As to petitioner's claim that the court order gagging him during a limited portion of jury selection deprived him of a fair trial, a word-by-word reading of pertinent portions of the record establishes that petitioner's outbursts (and those of the co-defendant) were unwarranted, were deliberate and were calculated to impede the progress of jury selection and the trial. The court acted only after it had repeatedly entreated the petitioner to desist from his conduct and after he had disregarded several pleas by the court to conduct himself so that the jury selection could proceed in orderly fashion. Indeed the court was a model of self-restraint and was sensitive to petitioner's right to a fair trial despite his obstructive conduct. The jurors were appropriately instructed that petitioner's conduct was to play no part in their fact finding determination of the issue of the guilt or non-guilt of the crime for which he was on trial. The court, despite the extremely provocative attitude of petitioner and his codefendant, displayed "the imperturbability of a Rhadamanthus." *Cf. United States v. Dennis,* 183 F.2d 201, 225 (2d Cir.1950), *aff'd,* 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed.2d 1137 (1951). The petitioner's insistent and disruptive conduct left the trial judge no alternative but to impose the sanctions authorized by *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Indeed, if the judge had not taken such action, it would have countenanced an unwarranted interference with the "proper administration of criminal justice" and with "that dignity, order and decorum" that are "the hallmark of all court proceedings in our country." *Id.* 343, 90 S.Ct. at 1060.