■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTTO CHANDLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered October 28, 1982, convicting him of robbery in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, new trial ordered on the charge of robbery in the first degree, and the count of the indictment charging the defendant with assault in the third degree dismissed.

The most important issue in this case was the identity of the perpetrator, an issue on which conflicting testimony was elicited. Nevertheless, the trial court failed to give any charge whatsoever on identification. Although the defendant failed to take exception, we exercise our discretion and order a new trial on the charge of robbery in the first degree in the interest of justice (see, United States v Wade, 388 US 218; People v Whalen, 59 NY2d 273; People v Hollis, 106 AD2d 462; People v McKenzie, 97 AD2d 774; People v Daniels, 88 AD2d 392; 1 CJI [NY] 10.00 pp 575-605).

With respect to the assault charge, one of the People's witnesses testified that he was struck on the head with a gun. However, the blow did not cause him to lose consciousness, fall down, seek medical treatment, or suffer aftereffects. The People produced no further evidence concerning the injury. The bare proof that a victim has suffered a blow, without more, is insufficient to establish "substantial pain" within the meaning of Penal Law § 10.00 (9) and § 120.00 (see, People v Rojas, 61 NY2d 726; People v Francis, 112 AD2d 167). Consequently, the assault count must be dismissed.

For the above reasons, a new trial is required on the charge of robbery in the first degree only. Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.