■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ANIADES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered December 21, 1982, convicting him of murder in the second degree (two counts), and rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings for review the denial (Sherman, J.), after a hearing, of those branches of the defendant's omnibus motion which sought to suppress statements and physical evidence.

Judgment affirmed.

After viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we conclude that the jury could have found beyond a reasonable doubt that the defendant was guilty of the rape and strangulation murder of Doreen Vitale on October 15, 1981. The hearing court's determination that the defendant was physically capable of giving a voluntary statement to the police following

his arrest is supported by the record and will not be disturbed on appeal *(see, People v Gloskey,* 105 AD2d 871). The defendant's contention that his statement was inadmissible because the police failed to scrupulously honor his right to remain silent *(see, People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007) is raised for the first time on appeal and thus has not been preserved for appellate review *(see, People v Martin,* 50 NY2d 1029; *People v Tutt,* 38 NY2d 1011). Also supported by the record is the hearing court's determination that the defendant consented to the taking of his clothing several days before his arrest in connection with a police investigation into an unrelated incident *(see, People v Gonzalez,* 39 NY2d 122; *People v Zimmerman,* 101 AD2d 294).

The prosecutor's remark during the cross-examination of the defendant that he found the defendant's confession credible, which was made in response to the defendant's accusation that it had been fabricated, was clearly improper *(see, People v Bailey,* 58 NY2d 272). However, the error was harmless in light of the overwhelming evidence of the defendant's guilt. The remainder of the defendant's objections to the prosecutor's conduct at trial are either unpreserved or without merit. Gibbons, J. P., Brown, Weinstein and Kooper, JJ., concur.