■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILLEDGE BRONSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered April 9, 1985, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues, for the first time on appeal, that the trial court erred in failing to charge the jury that the prosecution must prove the defendant's identity as the perpetrator beyond a reasonable doubt *(see, People v Whalen,* 59 NY2d 273). This argument is beyond the scope of our review as a matter of law, however, since the record reflects that the defendant neither requested such a charge nor excepted to the charge which was delivered *(see,* CPL 470.15 [2]). We find, furthermore, that the particular circumstances of this case do not warrant a new trial in the interest of justice *(see generally, People v Blake,* 124 AD2d 666; *People v McCorkle,* 119 AD2d 700; *People v Higgins,* 118 AD2d 585; *People v Beasley,* 114 AD2d 415). Initially, we note that other than the identification issue, the trial was error free. We further note that the identification testimony of the two victims was corroborated by proof that one victim was approached by the defendant in a subway station some time after the incident, and by proof that the other victim not only recognized the defendant as the perpetrator because of his appearance, but had also recognized his voice as that of the perpetrator. This evidence, among other proof, clearly distinguishes this case from those in which we have found a new trial to be warranted in the interest of justice *(cf., People v Chandler,* 120 AD2d 542; *People v Lyons,* 106 AD2d 471). Accordingly, the judgment under review should be affirmed. Weinstein, Rubin and Spatt, JJ., concur.

Brown, J. P., dissents and votes to reverse the judgment appealed from, as an exercise of discretion in the interest of justice, and to order a new trial, with the following memorandum: The central issue for the jury to resolve in this case was whether the complaining witnesses were mistaken with respect to their identification of the defendant as the perpetrator of the robbery. Under the circumstances, the failure of the trial court to provide the jury with any direction whatever on

the issue of identification or to indicate that the prosecution had the burden of proving identity beyond a reasonable doubt, warrants a reversal, despite the fact that the defendant failed to preserve this issue for review as a matter of law (see, *People v Whalen*, 59 NY2d 273; *People v Klemm*, 124 AD2d 826; *People v Chandler*, 120 AD2d 542; *People v Jones*, 108 AD2d 824; *People v Lyons*, 106 AD2d 471; *People v Hollis*, 106 AD2d 462; *People v Daniels*, 88 AD2d 392).