■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE K. WADE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered September 18, 1984, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's challenge to the hearing court's denial of his motion for suppression of the wholly exculpatory statement made by him to law enforcement officials upon his arrest is based on the contention that his right to remain silent was not " 'scrupulously honored' " *(People v Ferro,* 63 NY2d 316, 322, *cert denied* 472 US 1007). Having failed to specify this basis for suppression in his initial motion to suppress or during the suppression hearing and having further failed to register any objection to the admission of the statement at trial, the defendant has not preserved this claim for review *(see, People v Mandrachio,* 55 NY2d 906, *cert denied* 457 US 1122; *People v Gonzalez,* 55 NY2d 887; *People v Gagne,* 129 AD2d 808; *People v Aniades,* 121 AD2d 642). Assuming, arguendo, that suppression was warranted, given the nature and quantum of the proof offered at trial, including the testimony of two acquaintances placing the defendant in the vicinity of the scene of the crime and observing him running, after hearing the firing of a shot, carrying a radio which was taken from the deceased, and the defendant's admission to his cousin and her roommate soon after the crime of having shot someone for a radio, the admission of the exculpatory statement upon the People's direct case was clearly harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237).

The alleged inadequacy of the trial court's charge as to identification is similarly unpreserved, as defense counsel neither requested the instruction now claimed to have been erroneously omitted nor excepted to the charge as issued *(see,* CPL 470.05 [2]; *People v Bronson,* 127 AD2d 776). In any event, since the question of the defendant's guilt turned largely on the credibility of the People's witnesses who knew the defendant, and not upon the nature and quality of their observations of the defendant during the commission of the crime, a *"Daniels-*type" charge *(People v Daniels,* 88 AD2d 392) was unwarranted *(see, People v Blake,* 124 AD2d 666).

Contrary to the defendant's contention, a criminal defendant may be convicted of both felony murder and intentional murder for killing a single person *(People v Jackson,* 20 NY2d 440, 451, *cert denied* 391 US 928; *People v Leonti,* 18 NY2d 384, 391-392).

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.