■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX LITTLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered September 19, 1988, convicting him of assault in the third degree and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. No questions of fact have been raised or considered.

Contrary to the People's contention, and as correctly noted by the defendant, in a nonjury case the defendant is not required to make a motion to dismiss the indictment on the ground that the evidence is legally insufficient in order to preserve the issue for appellate review (see, People v Nixon, 248 NY 182, 190-192). We further agree with the defendant that the People's evidence was insufficient as a matter of law to sustain his conviction for assault in the third degree (see, People v McDowell, 28 NY2d 373; People v Goins, 129 AD2d 733; People v Chandler, 120 AD2d 542; cf., People v Greene, 70 NY2d 860; People v Brooks, 155 AD2d 680) and criminal mischief in the fourth degree (cf., People v Summer, 64 AD2d 658). Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MACK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 17, 1987, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the defendant was not denied his constitutional right of confrontation by the court's compliance with defense counsel's express requests made in the presence of the defendant, to excuse the defendant from portions of the pretrial hearing and from the missing witness hearing in order to prevent the complaining witnesses from viewing him, under suggestive circumstances, prior to any in-court identification (see, People v Parker, 57 NY2d 136, 139; People v James, 100 AD2d 552). Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.