*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                103860
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

DAVID PERKINS, Also Known as
    DJ,
                        Appellant.
_____


Calendar Date:  November 12, 2014

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____


        Gail B. Rubenfeld, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello, for
respondent.

_____


McCarthy, J.P.

        Appeal from a judgment of the County Court of Sullivan
County (LaBuda, J.), rendered October 28, 2010, convicting
defendant upon his plea of guilty of the crimes of murder in the
second degree, robbery in the first degree and criminal
possession of a weapon in the second degree.

        Defendant was charged with numerous crimes in connection
with an incident where he shot and killed the victim during the
course of an armed robbery.  After a <u>Huntley</u> hearing, County
Court denied defendant's motion to suppress his statement to
police.  Defendant then pleaded guilty, in satisfaction of the
indictment, to murder in the second degree, robbery in the first
degree and criminal possession of a weapon in the second degree.

The court sentenced him to the agreed-upon concurrent prison terms of 18 years to life on the murder conviction, 18 years followed by five years of postrelease supervision on the robbery conviction and 15 years followed by five years of postrelease supervision on the weapon possession conviction. Defendant appeals.

County Court properly found that defendant's confession to the police was knowing, intelligent and voluntary. The question of whether a statement is voluntary is a factual issue to be determined based on the totality of the circumstances, with deference accorded to the suppression court's factual findings and credibility determinations (see People v Mattis, 108 AD3d 872, 874 [2013], lvs denied 22 NY3d 957 [2013]). Some of the factors to be considered in this assessment include "'the defendant's age, experience, education, background, intelligence and capacity to understand the warnings,'" constitutional rights and consequences of a waiver (People v Seymour, 14 AD3d 799, 801 [2005], lv denied 4 NY3d 856 [2005], quoting People v Morton, 116 AD2d 925, 926 [1986], lv denied 67 NY2d 887 [1986]).

Here, defendant was 16 years old. He was in tenth grade and received special education services, but a school psychologist testified that he was not retarded and, despite certain deficits and an IQ of 77, he could understand the language used in Miranda warnings. Defendant had previously been arrested and adjudicated a youthful offender and was on probation at the time of questioning. He had also been questioned by police approximately six months prior to giving the statement at issue here, had been given Miranda warnings on that occasion, and talked to the police for hours but did not admit to any wrongdoing.

County Court accepted the testimony of police officers that they read defendant the Miranda warnings before any questioning began and that he acknowledged his understanding of his rights. Both the testimony and the recorded portion of his statement demonstrate that he understood the severity of the potential charges and was not intimidated by the police, as he repeatedly challenged their tactics, accused them of lying to him and demanded to hear the recorded interviews of others who allegedly

made statements against him. Any trickery or deception used by the police was not so fundamentally unfair as to deny defendant due process (see People v Wolfe, 103 AD3d 1031, 1035 [2013], lv denied 21 NY3d 1021 [2013]). While police allowed defendant's mother into the later portion of the interview and she encouraged him to confess the truth, the credible testimony established that defendant was informed that his mother was not under arrest. The court did not find credible the testimony of defendant and his mother concerning threats or promises allegedly made during the interrogation. Considering the totality of the circumstances, defendant's waiver of his rights was knowing, intelligent and voluntary. Accordingly, County Court properly declined to suppress his statement.

We will not address defendant's current argument that his statement was obtained in violation of his right to remain silent, as he did not preserve this argument by raising it before County Court (see People v Mandrachio, 55 NY2d 906, 907 [1982], cert denied 457 US 1122 [1982]; People v Wade, 146 AD2d 589, 590 [1989], lv denied 73 NY2d 1023 [1989]), and we decline to exercise our interest of justice jurisdiction with respect thereto. Defendant's remaining arguments have been reviewed and are without merit.

Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court