People v Lowndes (2018 NY Slip Op 08713)





People v Lowndes


2018 NY Slip Op 08713


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

108850

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JEFFREY D. LOWNDES, Appellant.

Calendar Date: November 14, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Barrett D. Mack, Albany, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Michele A. Bowen of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered September 29, 2016, upon a verdict convicting defendant of the crime of grand larceny in the fourth degree.
In January 2016, defendant was charged by indictment with grand larceny in the fourth degree stemming from an allegation that he stole two spools of electrical wire valued in excess of $1,000 from the Olympic Regional Development Authority (hereinafter ORDA). After a Huntley hearing, County Court denied defendant's motion to suppress his written statement. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to the maximum sentence of 2 to 4 years. Defendant now appeals, and we affirm.
Initially, County Court properly denied suppression of defendant's written statement. "A statement by a defendant is involuntary and thus inadmissible if it is obtained through 'undue pressure' or 'by means of any promise or statement of fact, which promise or statement creates a substantial risk that the defendant might falsely incriminate himself or herself'" (People v Cruz, 138 AD3d 1310, 1311 [2016], quoting CPL 60.45 [2] [a], [b] [i] [brackets omitted]). The People must prove, beyond a reasonable doubt, the voluntariness of statements given to the police (see People v Steigler, 152 AD3d 1083, 1083 [2017], lv denied 30 NY3d 983 [2017]; People v Mattis, 108 AD3d 872, 874 [2013], lvs denied 22 NY3d 957 [2013]). A confession is not automatically invalidated by the mere making of a promise, and the determination of whether a confession has been coerced depends upon the totality of the circumstances (see People v Neal, 133 AD3d 920, 923 [2015], lvs denied 26 NY3d 1107, 1110 [2016]; People v Bridges, 16 AD3d 911, 912 [2005], lv denied 4 NY3d 884 [2005]). A suppression court's "factual determinations are entitled to great weight and will not be disturbed unless clearly erroneous" (People v Vazquez, 145 AD3d 1268, 1270 [2016] [internal quotation [*2]marks and citation omitted]; see People v Merritt, 96 AD3d 1169, 1170 [2012], lv denied 19 NY3d 1027 [2012]).
At the Huntley hearing, a state trooper testified that defendant was arrested while he was working at the ORDA facility and was placed in the police car. The trooper testified that he then read defendant his Miranda rights, told him why he was being placed under arrest and told him "not to say anything, think about it, and at the station, if he wants to, he can talk." The trooper testified that, once they arrived at the station, he told defendant that there were several possible charges, at which time defendant denied everything. The trooper then told defendant that, if he cooperated, he could be released on an appearance ticket and, if not, he would be arraigned in front of a judge. Defendant then gave a statement admitting to taking the wire. Defendant was subsequently issued an appearance ticket and was released from custody.
The fact that defendant's statement was preceded by the trooper's indication that, if defendant cooperated, he would be released on an appearance ticket, does not render the circumstances inherently coercive or overbearing (see People v McLean, 59 AD3d 861, 862-863 [2009], affd 15 NY3d 117 [2010]). Given that the interview, lasting less than an hour, was not particularly long in duration (see People v Mitchell, 289 AD2d 776, 778 [2001], lv denied 98 NY2d 653 [2002]), and that defendant has extensive experience with the criminal justice system (see People v Ward, 241 AD2d 767, 769 [1997], lv denied 91 NY2d 837 [1997]), we find, based on the totality of the circumstances, that County Court did not err in denying defendant's motion to suppress his statement (see People v Cruz, 138 AD3d at 1311; People v Neal, 133 AD3d at 923).
We also find that County Court's Sandoval ruling was proper. The People were permitted to impeach defendant by "asking him whether he ha[d] ever been convicted of a crime and the total number of convictions" but, unless defendant opened the door, no further questioning would be permitted (see generally People v Farden, 82 NY2d 638, 646 [1993]; People v Wheeler, 124 AD3d 1136, 1139 [2015], lv denied 25 NY3d 993 [2015]). Despite defendant's claims that his ability to testify was chilled by this ruling, the court properly considered defendant's criminal acts and weighed their probative value against the risk of unfair prejudice (see People v Portis, 129 AD3d 1300, 1303 [2015], lvs denied 26 NY3d 1088, 1091 [2015]; People v Vasquez, 71 AD3d 1179, 1180 [2010], lv denied 14 NY3d 894 [2010]). Finally, given defendant's extensive criminal history and the absence of extraordinary circumstances or an abuse of discretion, the imposition of the maximum allowable sentence for a second felony offender was neither harsh nor excessive (see People v Cloonan, ___ AD3d ___, ___, 2018 NY Slip Op 07366, *2 [2018]; People v Jemmott, 164 AD3d 953, 957 [2018], lv denied ___ NY3d ___ [Nov. 21, 2018]; People v Wright, 160 AD3d 1110, 1112-1113 [2018], lv denied 31 NY3d 1154 [2018]).
Devine, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.