■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD A. HARDY, Appellant. [649 NYS2d 58] —White, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 20, 1995, convicting defendant following a nonjury trial of the crime of criminal possession of a controlled substance in the third degree.

The issue on this appeal is whether defendant's conviction of the crime of criminal possession of a controlled substance in the third degree is supported by legally sufficient evidence. As applied to this case, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that defendant knowingly and unlawfully possessed a narcotic drug with intent to sell (*see, People v Contes*, 60 NY2d 620, 621; *see also*, Penal Law § 220.16 [1]). For the reasons that follow, we conclude that this standard has been satisfied in this case and, accordingly, affirm.

The record evidence shows that on February 10, 1994, the police executed two no-knock search warrants permitting the search of two apartments located at 7½ Adams Avenue in the Village of Endicott, Broome County. In the upstairs apartment they encountered two individuals, Celeste Mohamed and Rupet Neish, while in the downstairs one they discovered defendant, the tenant, coming out of the shower. When the police searched defendant's apartment they found in a bedroom a brand new package of vials of the type used to package cocaine for sale and a black vinyl bag lying on the kitchen floor. Upon opening the bag, the police noticed a brown paper bag containing some vials with white powder and a large egg-shaped ball wrapped in paper and tape. It was subsequently determined that this bag contained approximately 11.17 ounces of cocaine having an estimated street value of $35,000. Defendant denied that the black bag and its contents belonged to him; he first claimed that a white male had been in the apartment and then stated that the bag belonged to Neish, who had telephoned defendant from a local motel and taken a taxi to the Adams Avenue address shortly before the warrants were executed. Later, it was learned that the bag did belong to Neish.

Besides this evidence, the proof indicated that defendant was a known drug addict who sold small amounts of drugs to finance his addiction, having done so just 10 days before the execution of the warrants. It was also shown that defendant had obtained cocaine from Neish. The proof further shows that, on December 3, 1993, a search of defendant's apartment disclosed a quantity of mannitol, a substance commonly used as a cutting agent for cocaine and a small set of digital scales that are used to weigh out quantities of illegal drugs.

Although entirely circumstantial, this evidence is legally sufficient to support defendant's conviction since where, as here, controlled substances are found in premises under a defendant's control, it may be inferred that the defendant knew the nature of what is possessed (see, People v Sanchez, 86 NY2d 27, 33; People v Manini, 79 NY2d 561, 572-573). The trier of fact could also properly infer that defendant intended to sell the cocaine in light of its weight and street value along with the fact that he possessed drug paraphernalia, that he had obtained cocaine from Neish with whom he had a trusting relationship, and that he had recently sold cocaine to a third person (see, People v Alexander, 215 AD2d 116, lv denied 86 NY2d 840; People v Beverly, 189 AD2d 682, lv denied 81 NY2d 967; see also, Prince, Richardson on Evidence § 4-510, at 186 [Farrell 11th ed]).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.