■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN GUERRIER, Appellant. [846 NYS2d 764]—

Rose, J. Appeal from a judgment of the Supreme Court (Mc-Donough, J.), rendered October 3, 2006 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the first degree.

After a jury trial, defendant was convicted of criminal possession of marihuana in the first degree based upon evidence that police had found marihuana in his girlfriend's apartment while he was present, including more than 10 pounds of it in a duffle bag, and he then stated that all of the marihuana in the apartment was his. Although he now contends that the People failed to prove that he knowingly possessed the marihuana in the duffle bag, a necessary element of the crime charged (*see* Penal Law § 221.30), he presented no evidence contradicting the People's proof of his admission of ownership. Further, his argument that there was no showing that he owned the bag or knew what it contained is unavailing because he made his admission after a police officer brought the open duffle bag into the room. In addition, another officer testified that the closet where it was found contained men's clothing which defendant then used to get dressed. Viewing this evidence in the light most favorable to the People, the jury could rationally conclude that he was aware of the contents of the duffle bag and they were encompassed by his sweeping admission (*see People v Richardson*, 28 AD3d 1002, 1004 [2006], *lv denied* 7 NY3d 817 [2006]; *People v Hines*, 24 AD3d 964, 966-967 [2005], *lv denied* 6 NY3d 834 [2006]). Further, the verdict is amply supported by the weight of the evidence.

Defendant's contention that Supreme Court's deadlock charge was coercive or denied him a fair trial is equally unavailing. It is well settled that a court may give a deadlock charge that encourages a verdict after the jurors have expressed that they are at an impasse, so long as the charge does not coerce them to reach a particular verdict (*see People v Aponte*, 2 NY3d 304, 308 [2004]; *People v Williams*, 306 AD2d 691, 692-693 [2003], *lv denied* 1 NY3d 582 [2003]). Here, when the jury deadlocked after little more than three hours of deliberation, Supreme Court properly gave the charge recommended in the Criminal Jury Instructions (*see* CJI2d[NY] Deliberation Issues—Deadlock Jury). That charge cautioned the jurors not to relinquish their

convictions in order to reach a verdict. Following the charge, the jurors continued deliberating for approximately three hours more over a period of two days, during which time they requested further instruction on the law.

To the extent that defendant also argues that Supreme Court should have declared a mistrial because, during the overnight break in deliberations, one juror required medical attention and returned to the courtroom on crutches the next day, the court reasonably determined that the juror was able to continue to serve and the record reveals no indication that the juror's presence engendered a coercive environment.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed.