■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK B. HOUCK, Appellant. [955 NYS2d 682]—

McCarthy, J.

Defendant asserts that he was deprived of a fair trial as a result of prosecutorial misconduct and an improper jury charge. Specifically, defendant argues that during cross-examination and summation, the prosecutor impermissibly shifted the burden of proof to defendant and forced him to characterize a prosecution witness as a liar. Further, defendant argues that the jury instructions did not sufficiently address the limited purpose for which evidence of defendant's prior conviction could be used.

Among the questions during cross-examination to which defendant objected at trial, only one is arguably relevant to the issues he raises on appeal. At one point, the prosecutor asked defendant, "And according to you, you could have scientifically proven that [you were not intoxicated] at that time because your blood alcohol content would not have been illegal, correct?" Defendant's objection to this question was overruled, and defendant now argues that this question serves as evidence of the prosecutor's attempts to impermissibly shift the burden of proof to defendant. Even if this question were inappropriate, standing alone it is insufficient to constitute "a flagrant and pervasive pattern of prosecutorial misconduct" so as to warrant a new trial (*People v Demming*, 116 AD2d 886, 887 [1986], *lv denied* 67 NY2d 941 [1986]; *see People v Wright*, 88 AD3d 1154, 1158 [2011], *lv denied* 18 NY3d 863 [2011]; *People v White*, 79 AD3d 1460, 1464-1465 [2010], *lv denied* 17 NY3d 803 [2011]; *People v Jones*, 283 AD2d 665, 668 [2001], *lv denied* 96 NY2d 903 [2001]).

As to comments in the prosecutor's closing argument, the other questions on cross-examination and County Court's charge to the jury, defendant failed to preserve these issues for appeal. Defendant did not object to either the closing statement, questions or jury instructions at the time that they were given. Because he did not protest these issues at a time when the court had an opportunity to correct the alleged errors, they are not preserved for our review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Head*, 90 AD3d 1157, 1158 [2011]; *People v Clairmont*, 75 AD3d 920, 923-924 [2010], *lv denied* 15 NY3d 919 [2010]; *People v Keller*, 238 AD2d 758, 758 [1997]). As to these unpreserved issues, we decline to exercise our interest of justice jurisdiction.

Mercure, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.