Rose, J.P.
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 28, 2010, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.
Defendant was charged with criminal sale of a controlled substance in the third degree after allegedly selling cocaine to a confidential informant (hereinafter Cl). At the jury trial, the Cl testified that he placed a call to defendant and asked to purchase $100 worth of cocaine. The Cl was strip-searched and provided with buy money. He then met defendant and purchased a baggy containing a white powdery substance from him while sitting in defendant’s minivan in the parking lot of a McDonald’s restaurant. Although the recording device worn by the Cl did not function, detectives were able to observe that defendant was the driver and the only other occupant of the minivan, and they continuously monitored the Cl to ensure that he had no physical contact with anyone else during the operation. The baggy given to the detectives by the Cl was tested and found to contain cocaine. Defendant was then convicted as charged and County Court sentenced him, as a second felony offender, to nine years in prison and three years of postrelease supervision.
Upon our review of the record, we conclude that the evidence was legally sufficient to establish defendant’s commission of the crime of criminal sale of controlled substance in the third degree (see Penal Law § 220.39 [1]; People v Phillips, 96 AD3d 1154, 1155-1156 [2012], lv denied 19 NY3d 1000 [2012]; People v Ebron, 90 AD3d 1243, 1244 [2011], lv denied 19 NY3d 863 [2012]; People v Chatham, 55 AD3d 1045, 1046 [2008], lv denied 14 NY3d 839 [2010]). We also note that both the Cl’s motive for cooperating with the police and the minor discrepancy in his description of the appearance of the drugs purchased from defendant were fully explored on cross- examination. Giving appropriate deference to the jury’s ability to view the witnesses and determine their credibility, we find no basis to disturb the verdict as against the weight of the evidence (see People v Jones, 101 AD3d 1241, 1242 [2012]; People v Morris, 101 AD3d 1165, 1165-1166 [2012]; People v Chatham, 55 AD3d at 1046).
As for defendant’s claim that there was no probable cause for his arrest, it was not raised before County Court and is, therefore, unpreserved for our review (see CPL 470.05 [2]; People *989 v Cruz, 89 AD3d 1464, 1465 [2011], lv denied 18 NY3d 993 [2012]; People v Blanco, 253 AD2d 886, 886 [1998], lv denied 92 NY2d 1028 [1998]; People v Boyd, 244 AD2d 497, 497 [1997], lv denied 93 NY2d 850 [1999]). Nor were the People required to give defendant pretrial notice of the request that he display the tattoo on his neck by turning his head toward the jurors in order for them to see it (see People v Hill, 82 AD3d 1715, 1716 [2011], lv denied 17 NY3d 806 [2011]; People v Holmes, 304 AD2d 1043, 1044 [2003], lv denied 100 NY2d 642 [2003]; People v Smith, 86 AD2d 251, 255 [1982]). Further, County Court’s Sandoval ruling reasonably balanced the probative value of defendant’s prior convictions against the risk of unfair prejudice, and we reject the contention that the court abused its discretion (see People v Smith, 18 NY3d 588, 594 [2012]; People v Newland, 83 AD3d 1202, 1203-1204 [2011], lv denied 17 NY3d 798 [2011]; People v Wilson, 78 AD3d 1213, 1215-1216 [2010], lv denied 16 NY3d 747 [2011]).
Finally, we find no basis to disturb the sentence. The mere fact that the sentence imposed after trial was greater than the pretrial offer is not proof that defendant was penalized for going to trial (see People v Merritt, 96 AD3d 1169, 1172 [2012], lv denied 19 NY3d 1027 [2012]; People v Danford, 88 AD3d 1064, 1068-1069 [2011], lv denied 18 NY3d 882 [2012]; People v Young, 86 AD3d 796, 800 [2011], lv denied 17 NY3d 905 [2011]). Here, while the pretrial offer likely reflects the fact that the credibility of the Cl had not been tested, the jury credited his testimony, and the sentence imposed is certainly reasonable in light of defendant’s prior criminal history (see People v Ebron, 90 AD3d at 1246; People v Dowling, 75 AD3d 838, 841 [2010], lv denied 15 NY3d 952 [2010]; People v Rolle, 72 AD3d 1393, 1397 [2010], lv denied 16 NY3d 745 [2011]).
Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.