Lahtinen, J.
Appeals (1) from a judgment of the County Court of Ulster County (Williams, J.), entered May 6, 2011, upon a *873 verdict convicting defendant of the crimes of murder in the first degree, conspiracy in the second degree, intimidating a victim or witness in the first degree, tampering with a witness in the first degree and criminal possession of a weapon in the second degree (two counts), and (2) from a judgment of said court, rendered August 26, 2011, which resentenced defendant.
In February 2010, defendant allegedly shot and killed the victim, who was cooperating with police and going to testify against defendant’s brother, a gang member, in a pending criminal case. Defendant’s brother, codefendant Jarrin Rankin, had been arrested and charged in connection with a fatal shooting that had occurred a few months earlier in November 2009. Phone calls that Rankin made from jail were recorded, revealing that he and gang members were attempting to identify and locate whoever was cooperating with police. They suspected the victim and, in January 2010, codefendant Rondy Russ, a gang member, threatened the victim’s father and warned about the victim testifying against Rankin. In early February 2010, the victim was listed as a potential witness for Rankin’s upcoming trial. On February 9, 2010, defendant, who had been released from prison in mid-January 2010, received a call from codefendant Jermaine Nicholas, a gang member, ostensibly indicating that the victim, who had been out of the area, was at a deli in the City of Kingston, Ulster County. Defendant, together with codefendants Gary Griffin (a gang member who gave defendant a handgun), Damitria Kelley (Rankin’s girlfriend) and Amanda Miller (the driver) went to the deli to meet Nicholas.
At the deli, defendant engaged in a conversation with the victim, and the two were recorded by a store surveillance camera walking up a street. The camera recorded Nicholas and Griffin returning to the car where Kelley and Miller were waiting. Shortly thereafter, and out of the camera’s range, the victim was shot twice, including a fatal shot to the back of his head. Defendant returned to the car, which then fled.
Using the recorded images, police quickly located the various individuals, and Kelley and Miller eventually agreed to cooperate. Defendant initially denied being in Kingston when the crime occurred, but, upon being informed of the surveillance camera videotape, he gave a Mirandized recorded statement acknowledging shooting the victim. A multicount indictment alleged various crimes related to the victim’s death committed by defendant, Griffin, Nicholas, Rankin, Russ, Miller and Kelley. Defendant’s motion to suppress his recorded statement was denied after a Huntley hearing at which he claimed that an officer had coerced his statement by choking and threatening him. *874 Defendant and Griffin were tried together, and Kelley and Miller testified on behalf of the People at the trial. Defendant also testified at trial, claiming that he did not shoot the victim and his statement had been coerced. A jury found him (and Griffin) guilty of murder in the first degree, conspiracy in the second degree, intimidating a victim or witness in the first degree, tampering with a witness in the first degree and criminal possession of a weapon in the second degree (two counts). County Court sentenced defendant to a prison term of life without parole on the first degree murder count and other, shorter, concurrent indeterminate prison terms for the remaining counts. Subsequently, he was resentenced on certain counts as a second felony offender. Defendant appeals.
County Court did not err in denying defendant’s motion to suppress his statements to police. “The People bore the burden of proving the voluntariness of defendant’s statements beyond a reasonable doubt, including that any custodial interrogation was preceded by the administration and defendant’s knowing waiver of his Miranda rights” (People v Culver, 69 AD3d 976, 976 [2010] [citation omitted]). “Determining whether a statement is voluntary is a factual issue governed by the totality of the circumstances [and] [t]he credibility assessments of the suppression court in making that determination are entitled to deference” (People v Davis, 18 AD3d 1016, 1017 [2005], lv denied 5 NY3d 805 [2005] [citations omitted]; see People v Anderson, 42 NY2d 35, 38-39 [1977]).
Proof presented by the People at the Huntley hearing included, among others, the testimony of the officer who took defendant into custody and questioned him. The officer testified that he read defendant his Miranda rights before any questioning regarding the incident, defendant acknowledged that he understood his rights and agreed to answer questions without an attorney present. The officer further testified that he again administered Miranda rights before starting defendant’s recorded statement, and a third reading of the Miranda rights occurred at the beginning of the recorded statement. Defendant claimed that he received the Miranda warnings only once and that, prior to his recorded statement, the officer was choking him, resulting in defendant agreeing to give the statement so the officer would stop choking him. Credibility determinations were key and County Court found the People’s witnesses credible. We discern no reason to reject those determinations, which are supported by the record, as is County Court’s finding that defendant’s statement was voluntarily given.
Defendant contends that County Court’s Sandoval decision *875 deprived him of a fair trial. The Sandoval determination “rests largely within the reviewable discretion of the trial court, to be exercised in light of the facts and circumstances of the particular case before it” (People v Hayes, 97 NY2d 203, 207 [2002]; see People v Smith, 18 NY3d 588, 592 [2012]). Defendant planned to testify and sought to exclude or limit the People’s use of his 2005 conviction for robbery and assault, crimes which arose when defendant punched a woman in the face breaking her nose and loosening two teeth as he stole $40 from her. After weighing the probative value against the potential for prejudice, County Court permitted the People to use the underlying facts of the conviction on cross-examination of defendant and gave appropriate limiting instructions to the jury with regard thereto. Although we are unpersuaded that this constituted an abuse of discretion (see People v Beverly, 6 AD3d 874, 876 [2004], lv denied 3 NY3d 637 [2004]; see also People v Mitchell, 57 AD3d 1308, 1312 [2008]; People v Foster, 52 AD3d 957, 960-961 [2008], lv denied 11 NY3d 788 [2008]), even if we were to find error in the Sandoval ruling, such error would be harmless in light of the overwhelming evidence of defendant’s guilt (see People v Davis, 72 AD3d 1274, 1275 [2010]; People v Boodrow, 42 AD3d 582, 585 [2007]).
Kelley and Miller related at trial their apprehension in testifying and the prosecutor commented upon their fears in summation. Defendant’s contention that this constituted error was not properly preserved (see People v Gray, 86 NY2d 10, 19 [1995]; People v Houck, 101 AD3d 1239, 1240 [2012]) and, in any event, it was not reversible error given the context and circumstances under which the comments were made (see People v Smith, 12 AD3d 946, 948 [2004], lv denied 4 NY3d 768 [2005]). Nor did the failure to object to those comments result in defendant not receiving the effective assistance of counsel. Review of the entire record reveals that defendant clearly received meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]), and the failure to object to these particular statements was not so “egregious and prejudicial as to compromise . . . defendant’s right to a fair trial” (People v Caban, 5 NY3d 143, 152 [2005]; see People v Vasquez, 20 NY3d 461, 466 [2013]; People v Baker, 14 NY3d 266, 270-271 [2010]).
An adequate foundation was established for admitting an Ulster County Sheriff’s Office incident report from July 2005 (see CPL 60.10; CPLR 4518 [a]; see generally People v Kennedy, 68 NY2d 569, 579-580 [1986]). The People provided foundation testimony through a deputy sheriff who had worked at the Sheriffs Office for 34 years and in the records division for over *876 four years. Although the deputy sheriff did not work in the records division at the time that the record was created, he indicated sufficient knowledge of the record-keeping practices and procedures of the Sheriffs Office, and it was not necessary that he have personal knowledge regarding this particular record (see generally People v Cratsley, 86 NY2d 81, 89-90 [1995]; Jerome Prince, Richardson on Evidence § 8-306 [Farrell 11th ed]; 6-19 Bender’s New York Evidence § 19.04 [1]).
We are unpersuaded by defendant’s argument that County Court erred in denying, without a hearing, his motion to set aside the verdict because of purported improper jury conduct (see CPL 330.30 [2]). The asserted misconduct was that the jury improperly speculated about the reason for defense counsel’s objections to the use of the word “execution.” The portion of defendant’s motion addressed to this issue was supported only by an attorney’s affirmation and a newspaper article. Moreover, as County Court noted in addressing the motion, the word “execution” was used on some occasions at trial without objection. In light of the lack of competent proof presented on the issue and the speculative nature of defendant’s argument, County Court acted within its discretion in denying the motion without a hearing (see People v Samandarov, 13 NY3d 433, 436 [2009]; People v Gerrara, 88 AD3d 811, 813-814 [2011], lv denied 18 NY3d 957 [2012], cert denied 568 US —, 133 S Ct 857 [2013]; People v Young, 74 AD3d 1471, 1473-1474 [2010], lv denied 15 NY3d 811 [2010]).
Defendant asserts that his sentence is harsh and excessive. We cannot agree. Considering the brutal nature of the crime, together with defendant’s criminal record and apparent lack of remorse, we find neither an abuse of discretion nor extraordinary circumstances warranting a reduction of the sentence (see People v Callicut, 101 AD3d 1256, 1264-1265 [2012], lv denied 20 NY3d 1096 [2013]; People v Burnell, 89 AD3d 1118, 1122 [2011], lv denied 18 NY3d 922 [2012]; People v Muller, 72 AD3d 1329, 1336 [2010], lv denied 15 NY3d 776 [2010]).
Peters, P.J., McCarthy and Garry, JJ., concur. Ordered that the judgments are affirmed.