■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM VANVORST, Appellant. [986 NYS2d 891]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered November 30, 2012 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the first degree.

Following a jury trial, defendant was convicted of criminal

possession of marihuana in the first degree stemming from his acceptance of a package containing over 10 pounds of marihuana that was delivered to his home address. Supreme Court sentenced him to 3½ years in prison followed by two years of postrelease supervision, and he now appeals.

Defendant contends that his conviction is against the weight of the evidence due to the People's failure to establish his knowledge that the package contained marihuana. We disagree. A person is guilty of criminal possession of marihuana in the first degree when he or she knowingly and unlawfully possesses more than 10 pounds of marihuana (*see* Penal Law § 221.30; *People v Guerrier*, 46 AD3d 937, 938 [2007], *lv denied* 9 NY3d 1034 [2008]; *People v Burns*, 17 AD3d 709, 710 [2005]). A defendant's knowledge that he or she possesses marihuana may be established by circumstantial evidence, such as his or her conduct, and "possession alone suffices to permit the inference that the possessor knows the nature of what is possessed" (*People v Sanchez*, 86 NY2d 27, 33 [1995] [emphasis omitted]; *see People v Hardy*, 232 AD2d 769, 770 [1996], *lv denied* 89 NY2d 923 [1996]).

Defendant, whose true name is Adam VanVorst, stipulated at trial that the package contained more than 10 pounds of marihuana. The package bore defendant's postal address but named "Matt Vanvoorst" as the intended recipient, a name which was not linked to defendant's address and did not exist in the state law enforcement databases. The postal inspector who delivered the package pursuant to a controlled delivery testified that defendant opened the door to his apartment building even before she rang the apartment's doorbell and he nodded affirmatively when asked if he was Matt Vanvoorst. According to the inspector, when she asked defendant to help her retrieve the package from the postal vehicle, he followed her slowly, repeatedly looking from side to side, and moved more quickly once he picked up the package and started back toward his apartment. When the inspector told defendant that the package had been missent, he acknowledged that it was late and, when she asked him to print his name acknowledging receipt of the package, he printed "M." After signing for the package, law enforcement officers arrested him.

Upon entering defendant's apartment,* members of the Drug Enforcement Administration observed several individuals inside and detected a strong odor of marihuana. At trial, defendant's roommate testified that the day before the marihuana delivery

---

* No challenge to the basis for police entry was raised on appeal.

he was asked by defendant to sign for an expected mail delivery of an auto part. This witness testified further that, in the months subsequent to defendant's arrest, no such package was received. Testimony also established that defendant returned to the apartment in the days following his arrest and apologized to the roommate and his girlfriend for the incident. Although a search of defendant's room yielded no drug paraphernalia and, other than the package itself, there was no evidence linking defendant to the sender in Wisconsin, upon viewing the evidence in a neutral light and weighing the probative force of the testimony and the strength of the inferences that can be drawn therefrom, we find that the verdict was not contrary to the weight of the evidence (*see People v Guerrier*, 46 AD3d at 938; *People v Moore*, 17 AD3d 786, 789 [2005], *lv denied* 5 NY3d 792 [2005]; *compare People v Walzer*, 227 AD2d 945, 945-946 [1996], *lv denied* 88 NY2d 1072 [1996]).

We likewise reject defendant's assertion that he was deprived of a fair trial as a result of prosecutorial misconduct. The majority of his claims are unpreserved for our review due to his failure to object to them at trial (*see People v Green*, 119 AD3d 23, 29-31 [2014]; *People v Head*, 90 AD3d 1157, 1158 [2011]). To the extent that defendant preserved his claim regarding the People's alleged attempt to shift the burden of proof during summation, Supreme Court gave a prompt and adequate curative instruction that served to ameliorate any prejudice to defendant (*see People v Terry*, 85 AD3d 1485, 1487 [2011], *lv denied* 17 NY3d 862 [2011]; *People v Anderson*, 48 AD3d 896, 897 [2008], *lv denied* 10 NY3d 859 [2008]; *People v Williams*, 40 AD3d 1364, 1367 [2007], *lv denied* 9 NY3d 927 [2007]). Even considering all of the challenged remarks, we find no "flagrant and pervasive pattern of prosecutorial misconduct so as to deprive [defendant] of a fair trial" (*People v Green*, — AD3d at —, 2014 NY Slip Op 03303 at *6 [internal quotation marks, brackets and citations omitted]; *see People v Kindred*, 100 AD3d 1038, 1040 [2012], *lv denied* 21 NY3d 913 [2013]; *People v Wright*, 88 AD3d 1154, 1158 [2011], *lv denied* 18 NY3d 863 [2011]).

Finally, defendant's challenge to the propriety of Supreme Court's charge that the jury must "accept the law from [the c]ourt without question, without reservation and with strict obedience" is unpreserved and, in any event, without merit (*see People v Weinberg*, 83 NY2d 262, 268 [1994]; *People v Goetz*, 73 NY2d 751, 753 [1988], *cert denied* 489 US 1053 [1989]; *People v Houck*, 101 AD3d 1239, 1240 [2012]; *People v Tirado*, 192 AD2d 755, 756 [1993], *lv denied* 81 NY2d 1081 [1993]).

Stein, Garry, Egan Jr. and Clark, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).