*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 29, 2015                    105987
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
          v                                    MEMORANDUM AND ORDER

CHAD RICHARDS,
                        Appellant.
_____

Calendar Date:   November 12, 2014

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Thomas J. Melanson, Kingston, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered March 29, 2013 in Ulster County, upon a verdict
convicting defendant of the crimes of criminal possession of a
controlled substance in the third degree (two counts) and
criminal sale of a controlled substance in the third degree (two
counts).

        After a confidential informant (hereinafter CI) made two
controlled buys of cocaine from him, defendant was charged in an
indictment with two counts of criminal possession of a controlled
substance in the third degree and two counts of criminal sale of
a controlled substance in the third degree.  Defendant was found
guilty as charged following a jury trial.  Supreme Court
sentenced defendant, as a second felony offender previously

convicted of a violent felony, to an aggregate prison term of 20 years to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm.  Contrary to defendant's contention, the jury's verdict was not against the weight of the evidence.  The trial evidence established that investigators employed the CI, with whom they had worked dozens of times in the past and found to be reliable, to engage in two controlled buys from defendant on November 8, 2011 and November 9, 2011.  The CI set up the purchases via recorded telephone calls, and an investigator who knew defendant and recognized his voice testified that it was he who answered the calls.  Investigators searched the CI prior to conducting the buys to ensure that she had no contraband, and the CI testified that she purchased a substance later identified as cocaine from defendant on both occasions.  The CI was also accompanied by undercover officers to both buys and, although the officers did not witness the actual handoff of cocaine, they observed the transactions from a distance and retrieved cocaine from the CI after the transactions had occurred.  Defendant was detained after the second buy and was found to have the prerecorded buy money for both purchases in his possession.  Defendant asserts that the CI gave unreliable testimony and that neither she nor the various officers involved in the buy operations were worthy of belief because they were all motivated to ensure that the target of the investigation – namely, defendant – was identified as the seller.  It suffices to say that those issues were explored during the trial by defense counsel and, according "appropriate deference to the jury's ability to view the witnesses and determine their credibility, we find no basis to disturb the verdict as against the weight of the evidence" (People v Tisdale, 103 AD3d 987, 988 [2013], lvs denied 21 NY3d 1004, 1010 [2013]; see People v Rose, 79 AD3d 1365, 1366-1367 [2010]).

Defendant further contends that he was deprived of a fair trial due to prosecutorial misconduct during the People's summation, an issue that is unpreserved for our review due to his failure to object to the offending comments at trial (see People v VanVorst, 118 AD3d 1035, 1037 [2014]; People v Head, 90 AD3d 1157, 1158 [2011]).  In any event, most of the statements that

defendant now complains about were fair responses to the defense summation that attacked the credibility of the CI and questioned various actions or inactions on the part of her and the undercover officers (see People v James, 90 AD3d 1249, 1251 [2011], lv denied 18 NY3d 958 [2012]; People v Molina, 79 AD3d 1371, 1377 [2010], lv denied 16 NY3d 861 [2011]; People v Valderama, 25 AD3d 819, 821 [2006], lv denied 6 NY3d 854 [2006]). The People did improperly refer to defendant as "a cocaine peddler" who made money off of "people with faces like [the jurors]," but Supreme Court acted on its own initiative by immediately striking those remarks from the record and instructing the jury to disregard them. Thus, we cannot say that the comments of the People in summation constituted a flagrant and pervasive pattern of prosecutorial misconduct that deprived defendant of a fair trial (see People v VanVorst, 118 AD3d at 1037; People v White, 79 AD3d 1460, 1464-1465 [2010], lvs denied 17 NY3d 791, 803 [2011]).

Lastly, in light of defendant's extensive prior criminal history, we find no abuse of discretion or extraordinary circumstances that would warrant a reduction of his sentence in the interest of justice (see People v Tisdale, 103 AD3d at 989).

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court