*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 6, 2015                106418
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                          MEMORANDUM AND ORDER

JOSEPH NADAL,
                    Appellant.
_____

Calendar Date:  May 29, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Terrence M. Kelly, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Albany County
(Lynch, J.), rendered June 24, 2013, upon a verdict convicting
defendant of the crime of burglary in the second degree.

        During the evening of September 8, 2012, individuals forced
their way into an apartment in the City of Albany and assaulted a
woman who was staying there.  The victim summoned the police, who
quickly apprehended defendant and others involved in the break-
in.  While in custody, defendant was interviewed by a police
detective and admitted that he had orchestrated the incident in
an effort to collect money from the victim.

        Defendant was subsequently charged in an indictment with
numerous offenses.  He moved to suppress, among other things, his

oral statements to police.  County Court denied the motion after a hearing, finding that defendant had voluntarily made the statements after waiving his constitutional rights.  A jury trial ensued, at the end of which defendant was convicted of burglary in the second degree.  County Court sentenced defendant to a prison term of five years to be followed by postrelease supervision of five years.  Defendant now appeals.

Defendant initially asserts that County Court erred in declining to suppress his oral statements to police, as the People failed to meet their burden of "proving the voluntariness of defendant's statements beyond a reasonable doubt, including that any custodial interrogation was preceded by the administration and defendant's knowing waiver of his Miranda rights" (People v Mattis, 108 AD3d 872, 874 [2013], lvs denied 22 NY3d 957 [2013] [internal quotation marks and citations omitted]; see People v Rankin, 127 AD3d 1335, 1339 [2015]).  In that regard, County Court found credible the hearing testimony of the detective who conducted the interrogation.[1]  The initial portion of the interview was not recorded, which the detective indicated was due to an equipment malfunction of some sort.  The detective nevertheless testified that he administered Miranda warnings during the unrecorded portion of the interview, going over them from a written waiver form that is visible on the table next to him during the recorded portion of the interview.  Defendant then waived his rights and agreed to answer questions, and his refusal to "execute [the] written waiver of his Miranda rights does not invalidate his oral waiver or otherwise render his statement involuntary" (People v Rankin, 127 AD3d at 1339; see People v Thornton, 87 AD3d 663, 664 [2011], lv denied 18 NY3d 862 [2011]).  As such, after considering the totality of the circumstances and according due deference to County Court's credibility determinations, we find that the People established that

---

[1]  To the extent that defendant attempts to rely upon the allegedly inconsistent trial testimony of the detective, we need only note that "[t]rial testimony may not be considered in evaluating a suppression ruling on appeal" (People v Jerry, 126 AD3d 1001, 1002 [2015], lv denied ___ NY3d ___ [June 15, 2015]; see People v Abrew, 95 NY2d 806, 808 [2000]).

defendant voluntarily waived his constitutional rights (see People v Rankin, 127 AD3d at 1339; People v Rizvi, 126 AD3d 1172, 1173 [2015], lv denied 25 NY3d 1076 [2015]).

Defendant next contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. The victim was a drug user and dealer, and gave drugs to the renter of the apartment in return for permission to stay there. Defendant told police that he traveled to the apartment on the night in question to recover money from the victim, instructing the two women he was traveling with to collect the money and beat the victim if she did not have it. One of the women was Chelsey Cornelius, who confirmed at trial that the group was attempting to recover the money when they went to the apartment. The victim answered the door, but attempted to shut it when she saw who was there, at which point Cornelius and the second woman forced their way inside. The victim then fled to the back of the apartment and was beaten. Defendant had previously visited the victim in the apartment, but the jury could readily determine from the foregoing that defendant and his accomplices had no reason to believe that they had a "license or privilege to enter" the apartment on the night in question (People v Thornton, 4 AD3d 561, 563 [2004], lv denied 2 NY3d 808 [2004]; see Penal Law § 140.00 [5]; People v Graves, 76 NY2d 16, 20 [1990]; People v Dashnaw, 37 AD3d 860, 862 [2007], lv denied 8 NY3d 945 [2007]; People v Randolph, 18 AD3d 1013, 1015 [2005]). This evidence, when viewed in the light most favorable to the People, was "legally sufficient to sustain the charge of burglary in the second degree" (People v Dashnaw, 37 AD3d at 862). We are further persuaded from "[o]ur independent review of the evidence . . . that the jury accorded the evidence its proper weight and, thus, the verdict is not against the weight of the credible evidence" (People v Thornton, 4 AD3d at 563).

Defendant lastly claims that the People committed prosecutorial misconduct by making several improper comments during summation. He did not object to two of the comments, rendering his present argument unpreserved with regard to them (see People v Richards, 124 AD3d 1146, 1147 [2015], lv denied 25 NY3d 992 [2015]; People v VanVorst, 118 AD3d 1035, 1037 [2014]). County Court sustained his objections to many of the other

offending comments, giving "prompt and adequate curative instruction[s] that served to ameliorate any prejudice" (People v VanVorst, 118 AD3d at 1037; see People v White, 79 AD3d 1460, 1464 [2010], lvs denied 17 NY3d 791, 803 [2011]).  Thus, while we agree with defendant that the bulk of the comments would have been better left unsaid, the circumstances of this case do not reveal that they represented a flagrant and pervasive pattern of misconduct that deprived him of a fair trial (see People v Green, 119 AD3d 23, 30 [2014], lv denied 23 NY3d 1062 [2014]; People v White, 79 AD3d at 1464-1465).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court