## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: December 15, 2016        107199
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                              MEMORANDUM AND ORDER

JUANITO VAZQUEZ,
               Appellant.
_____

Calendar Date: October 12, 2016

Before: Peters, P.J., McCarthy, Lynch, Rose and Mulvey, JJ.

_____

Francisco P. Berry, Ithaca, for appellant.

Kirk O. Martin, District Attorney, Owego (Palmer J. Pelella of counsel), for respondent.

_____

Mulvey, J.

Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered February 21, 2014, upon a verdict convicting defendant of the crimes of rape in the first degree and endangering the welfare of a child.

Defendant was indicted for the crimes of rape in the first degree, criminal sexual act in the first degree and endangering the welfare of a child. Following a jury trial, defendant was found guilty of rape in the first degree and endangering the welfare of a child, but the jury could not reach a unanimous verdict on the count of criminal sexual act in the first degree, and, prior to sentencing, the court dismissed that count of the indictment. Defendant's motion to set aside the verdict was denied and he was sentenced to a prison term of seven years with

10 years of postrelease supervision.  Defendant now appeals.  We affirm.

Defendant initially contends that County Court's pretrial Huntley ruling, which denied his motion to suppress incriminating statements that he made to an investigator of the Tioga County Sheriff's Department, was in error because defendant did not knowingly and intelligently waive his Miranda rights.  Where "a defendant has been advised of his [or her] Miranda rights and within minutes thereafter willingly answers questions during interrogation, 'no other indication prior to the commencement of interrogation is necessary to support a conclusion that the defendant implicitly waived those rights'" (People v Goncalves, 288 AD2d 883, 884 [2001], lv denied 97 NY2d 729 [2002], quoting People v Sirno, 76 NY2d 967, 968 [1990]).  The testimony at the Huntley hearing shows that defendant agreed to accompany the investigator to the Sheriff's Department to be interviewed.  Defendant testified that his requests for a lawyer were ignored, he was not given Miranda warnings at any point and he was not asked to sign a form waiving his Miranda rights.  Defendant also testified that he had learned English from watching television.  In contrast to defendant's version of the interview, the investigator testified that he read defendant his Miranda rights at the Sheriff's Department using a standard form, and, while defendant did not want to sign the form, he indicated that he understood what had been read to him and subsequently stated, "I will talk to you."  The investigator also testified that defendant never asked for a lawyer and that, while the interview was progressing, he prepared a written statement based on defendant's statements — detailing that defendant had engaged in sexual intercourse with the victim a number of times in the victim's bed — and that defendant freely and voluntarily signed it.

Although defendant's version of the events differed from that provided by the investigator, County Court found the testimony of the investigator to be credible and that no language barrier prevented defendant from voluntarily waiving his Miranda rights and making his written statement.  "Determining whether a statement is voluntary is a factual issue governed by the totality of the circumstances[,] and the credibility assessments

of the suppression court in making that determination are entitled to deference" (People v Mattis, 108 AD3d 872, 874 [2013] [internal quotation marks, brackets and citations omitted], lvs denied 22 NY3d 957 [2013]; see People v Hunter, 270 AD2d 712, 713 [2000]).  The court determined that defendant's claims that he did not receive Miranda warnings and that the investigator ignored his request for counsel were not credible.  Since County Court "had the advantage of observing the demeanor of the witnesses" (People v Hunter, 270 AD2d at 713), its factual determinations "are entitled to great weight and will not be disturbed unless clearly erroneous" (People v Comfort, 6 AD3d 871, 873 [2004], quoting People v Burns, 281 AD2d 704, 705 [2001], lvs denied 96 NY2d 826, 831 [2001]).  On the record before us, we find that County Court's pretrial Huntley ruling denying defendant's motion to suppress his written statement is supported by the record (see People v Comfort, 6 AD3d at 873).

Defendant also claims that County Court erred in denying his motion to set aside the verdict because the court gave an improper Allen charge.  "[A] court may give a deadlock charge that encourages a verdict after the jurors have expressed that they are at an impasse, so long as the charge does not coerce them to reach a particular verdict" (People v Guerrier, 46 AD3d 937, 938 [2007], lv denied 9 NY3d 1034 [2008]).  Here, during jury deliberations, the jury informed County Court that, while it was able to reach a verdict on the count of endangering the welfare of a child, it could not reach a unanimous verdict on the counts of rape in the first degree or criminal sexual act in the first degree.  The court confirmed the verdict on the one count, and, upon agreement by both parties, gave the jury an Allen charge.  The court read a standard Allen charge to the jury and, at the end of the charge, added: "I would like you to deliberate the case a little bit further.  We are not going to have you come back here tomorrow.  If you can't reach a decision today, then we will declare a hung jury with regard to the other two counts that you have not been able to make a decision on."  Eventually, the jury reached a verdict on the count of rape in the first degree, but remained divided on the count of criminal sexual act in the first degree.  The court took a second partial verdict and the jury found defendant guilty of rape in the first degree.

Specifically, defendant argues that County Court's statement to the jury, that "[w]e are not going to have you come back here tomorrow," added to the standard Allen charge, created a time restraint that pressured the jury into making a rushed decision and a forced verdict. The fact that the jury continued to deliberate for a few hours after the Allen charge and did not reach a verdict on the count of criminal sexual act in the first degree indicates, in our view, that the court's statement did not have an undue effect on the jury. Accordingly, County Court did not err when it denied defendant's motion to set aside the verdict based on the Allen charge (see People v Guerrier, 46 AD3d at 938-939).

Lastly, we find no merit in defendant's contention that County Court improperly assumed the role of advocate for the People by asking the nurse practitioner a number of questions regarding medical evidence not mentioned in direct examination or cross-examination at trial. "A court may not . . . assume the advocacy role traditionally reserved for counsel" (People v Arnold, 98 NY2d 63, 68 [2002]), but "'is permitted to raise matters on its own initiative in order to elicit significant facts, clarify or enlighten an issue or to facilitate the orderly and expeditious progress of the trial'" (People v Lupo, 92 AD3d 1136, 1138 [2012], quoting People v Tucker, 140 AD2d 887, 891 [1998], lv denied 72 NY2d 913 [1988]). In denying defendant's motion to set aside the verdict, County Court found that its questioning of the nurse practitioner was limited, reasonable and did not suggest any partiality, bias or hostility since the nurse practitioner agreed with defense counsel on re-cross-examination that her court-elicited testimony "doesn't tell anything in this case" and had "no significance" here. Thus, there is no support in the record that the court's questioning improperly interfered with the proceeding or created a tactical advantage for the People (see People v Lupo, 92 AD3d at 1138). As such, we find that County Court did not err when it denied defendant's motion to set aside the verdict based on the court's questioning of the nurse practitioner.

Peters, P.J., McCarthy, Lynch and Rose, JJ., concur.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court