■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DILLON R. STEIGLER, Appellant. [59 NYS3d 814]—

Mulvey, J. Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered October 27, 2015, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

Defendant was charged by indictment with the crimes of robbery in the second degree, assault in the second degree and grand larceny in the fourth degree stemming from allegations that he stole the victim's purse while she was walking in the Village of Owego, Tioga County. Defendant moved, among other things, to suppress his signed, written statement to police. Following a *Huntley* hearing, County Court found that defendant had been read and voluntarily waived his *Miranda* rights prior to giving his statement, and the court therefore denied his motion to suppress it. Defendant subsequently pleaded guilty to attempted robbery in the second degree, and County Court sentenced him as a second felony offender to five years in prison followed by five years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's sole contention on appeal is that County Court erred when it determined that his written statement to police was preceded by a voluntary waiver of *Miranda* warnings and was legally obtained. On defendant's motion, the People had the burden of proving beyond a reasonable doubt that defendant's statement to police was voluntarily given, "including that any custodial interrogation was preceded by the administration and defendant's knowing waiver of his *Miranda* rights" (*People v Nadal*, 131 AD3d 729, 730 [2015] [internal quotation marks and citations omitted], *lv denied* 26 NY3d 1041 [2015]). "Determining whether a statement is voluntary is a factual issue governed by the totality of the circumstances and the credibility assessments of the suppression court in making that determination are entitled to deference" (*People v Mattis*, 108 AD3d 872, 874 [2013] [internal quotation marks, brackets and citations omitted], *lv denied* 22 NY3d 957 [2013]). "If the People meet their burden, the defendant then

bears the burden of persuasion" (*People v Newell*, 148 AD3d 1216, 1218 [2017] [internal quotation marks and citations omitted], *lv denied* 29 NY3d 1035 [2017]).

At the *Huntley* hearing, the Village of Owego police officer who conducted the interrogation testified about the events of the night in question, including the circumstance under which defendant waived his rights and signed the written statement. According to the officer, defendant was arrested and in custody prior to being transported to the police department. The officer testified that, before he questioned defendant and composed the written statement for defendant to sign, he read defendant his rights from the police department's *Miranda* warnings form. To the left of each warning on that form is a space for the suspect to initial that he or she received and understood each respective warning. The officer recounted that he read each warning to defendant, who then placed his initials in the spaces provided and signed the bottom of the form, acknowledging that he understood his rights and agreed to answer questions without an attorney present. The officer questioned defendant regarding the events that evening and composed a written statement that detailed defendant's account of his participation in the robbery, which defendant then signed. The officer testified that no threats or promises were made to defendant to induce him into signing the waiver and statement. On cross-examination, defendant pointed out apparent discrepancies in the time line to which the officer testified and sought to undermine his credibility with regard to his past employment in law enforcement. Defendant did not testify or call other witnesses.

County Court credited the officer's testimony and, according due deference to that determination and given the totality of the circumstances, we find that defendant was advised as to, and validly waived, his constitutional rights (*see People v Nadal*, 131 AD3d at 730). The record does not indicate that the officer's testimony was "patently tailored to avoid any constitutional objections" (*People v Keith*, 240 AD2d 967, 968 [1997], *lv denied* 90 NY2d 906 [1997]). Accordingly, the motion to suppress defendant's statement was properly denied.

Peters, P.J., Rose, Aarons and Pritzker, JJ., concur. Ordered that the judgment is affirmed.