People v McMillan (2023 NY Slip Op 05426)

People v McMillan

2023 NY Slip Op 05426

Decided on October 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 26, 2023

113114
[*1]The People of the State of New York, Respondent,
v
Jimir S. McMillan, Appellant.

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Steven A. Feldman, Manhasset, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered July 14, 2020, upon a verdict convicting defendant of the crimes of rape in the third degree, criminal sexual act in the third degree and possessing a sexual performance by a child.
In August 2019, defendant was charged by indictment with rape in the third degree, criminal sexual act in the third degree and possessing a sexual performance by a child based upon his alleged sexual contact with the victim, who was a 15-year-old girl. The matter proceeded to a jury trial and, at the close of the People's proof, defendant moved for a trial order of dismissal on the ground that the People failed to establish his age. County Court denied the motion and, after the close of proof, instructed the jury, over the People's objection, that in the event defendant was found guilty of possessing a sexual performance by a child, they were to consider whether defendant reasonably believed the victim to be over age 16. The jury returned a verdict of guilty on all counts and, as a predicate violent felony offender, defendant was sentenced to concurrent prison terms of 3½ years followed by 15 years of postrelease supervision on his convictions of rape in the third degree and criminal sexual act in the third degree and a consecutive prison term of 2 to 4 years on his conviction of possessing a sexual performance by a child. Defendant appeals, and we affirm.
Defendant first contends that his conviction of possessing a sexual performance by a child should be vacated because no rational jury could have rejected his affirmative defense of believing the victim to be over the age of 16. We construe this argument as addressed to the legal sufficiency of the evidence. As his general motion for a trial order of dismissal was not specifically founded on the ground he now raises on appeal, defendant's argument is unpreserved (see People v Hawkins,11 NY3d 484, 492 [2008]; People v Doane,212 AD3d 875, 876 [3d Dept 2023], lv denied 39 NY3d 1154 [2023]). General motions do not create questions for appellate review (see People v Finger,95 NY2d 894, 895 [2000]; People v Chaneyfield,157 AD3d 996, 996 [3d Dept 2018], lv denied 31 NY3d 1012 [2018]; People v Criss,151 AD3d 1275, 1276 [2017], lv denied 30 NY3d 979 [2017]).
We next consider defendant's contention that County Court abused its discretion because it declined to conduct an inquiry of seated and prospective jurors upon being alerted that defendant's wife overheard someone comment "he must be guilty." The comment was allegedly made in the courthouse lobby when the court permitted a break between the second and third panels of jury selection. Rather than conduct a Buford inquiry, the court directed defendant to submit a motion with a supporting affidavit from defendant's wife, which defendant did not do (see People v Buford,69 NY2d 290, 298-299 [1987]).
We find no abuse of discretion in County Court's measured response. The standards applicable to discharge of a prospective juror are less exacting than those applicable to a sworn juror (see CPL 270.20 [1] [b]; 270.35). Here, defendant's wife never identified the particular person she allegedly overheard, much less whether he or she was seated and sworn, and we deem it appropriate that the court impliedly questioned her credibility. Moreover, defendant did not exercise a challenge for cause or peremptory challenge to exclude any person in the jury pool from service, thereby waiving his objection. Under these circumstances, we find that County Court acted within its discretion in fashioning a suitable process to initially ascertain whether a Buford inquiry was warranted (see People v Kuzdzal,31 NY3d 478, 484 [2018]; People v Matiash,197 AD2d 794, 796 [3d Dept 1993], lv denied 82 NY2d 899 [1993]).
Defendant next contends that County Court erred in denying his request for an adjournment to review a disc on which 333 jail telephone calls were recorded. The record reflects that the disc was provided to defense counsel on December 10, 2019 and, on December 27, 2019, the People informed counsel of its intention to offer five particular calls at trial. Shortly before the trial began on January 6, 2020, the court addressed defendant's motion in limine, ruling that only one call was material and admissible. Whether to grant an adjournment for any purpose rests within the sound discretion of the trial court (see People v Spears,24 NY3d 1057, 1059 [2019]). On this record, we can find no prejudice to defendant resulting from the court's refusal to further delay the proceeding. To the contrary, the People's disclosure of the disc was timely and provided sufficient opportunity for defendant to prepare a meaningful defense.
Next, owing to defendant's failure to object prior to the close of the hearing, defendant's challenge to County Court's Sandoval ruling allowing the People to question him, if he chose to testify, on his prior conviction of attempted robbery in the second degree, including inquiry as to the underlying facts, is unpreserved for our review (see People v Nunez,160 AD3d 1225, 1226 [3d Dept 2018]).
Defendant fares no better with his contention that County Court improperly "invited" the victim to have a midtestimony private conference with the People. Initially, there is no indication that any such discussion occurred, and we note that the People did not request to speak with the victim during her testimony nor did defense counsel cross-examine her as to the content of any such conversation. Nonetheless, "the decision to grant a recess and to allow a conference between a lawyer and a testifying witness falls within the broad discretion allowed a trial court in its management of a trial" (People v Branch,83 NY2d 663, 667 [1994]).
Defendant's remaining challenges are lacking in merit and warrant little discussion. The record reflects an extensive discussion at a court appearance during which defense counsel placed on the record his recommendation that defendant accept a plea deal. Defendant contends that, in doing so, his counsel took a position adverse to him and, thus, County Court was compelled to assign new counsel. However, it is settled that counsel does not create a conflict of interest by merely defending his or her efforts on the client's behalf (see People v Sykes,204 AD3d 1244, 1247 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]). Here, defendant exercised his right to disregard his counsel's advice after County Court afforded him ample time to consider the plea offer and, at no time, requested a substitution of counsel.
Nor do we find defendant's sentence to be unduly harsh or severe. A sentence imposed after trial that is disproportionate to that offered in a plea deal, or disproportionate to the sentence imposed on other defendants involved in the same crime, is not, standing alone, indicative that a defendant was punished in retaliation for exercising his or her right to proceed to trial (see People v Ramirez,157 AD3d 718, 720 [3d Dept, 2018], lv denied 31 NY3d 1016 [2018]). Not only did County Court characterize defendant's crimes as "despicable conduct" that has "haunt[ed] the victim," but defendant was a second violent felony offender who offered no remorse, attempted to blame the victim and referred to his crimes as "bull****" (see People v Mattis,108 AD3d 872, 876 [3d Dept 2013], lv denied 22 NY3d 957 [2013]). Upon our review of the record, we decline to modify defendant's sentence in the interest of justice (see CPL § 470.15 [6] [b]).
Garry, P.J., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.