People v Imes (2024 NY Slip Op 01838)

People v Imes

2024 NY Slip Op 01838

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

112513
[*1]The People of the State of New York, Respondent,
v
Kawon E. Imes, Appellant.

Calendar Date:February 13, 2024

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ.

Danielle Neroni Reilly, Albany, for appellant, and appellant pro se.
F. Paul Battisti, District Attorney, Binghamton (Benjamin E. Holwitt of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered January 24, 2020, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, criminal possession of marihuana in the third degree, criminally using drug paraphernalia in the second degree (two counts) and menacing in the second degree.
In 2019, defendant pointed a gun at his then-girlfriend and her children and threatened to kill them. The girlfriend contacted law enforcement, and defendant was eventually taken into custody outside his apartment. A search of the apartment revealed the gun that was pointed at the girlfriend and her children, as well as live ammunition, cocaine in plastic bags, 451 grams of marihuana, a scale and cash. In connection with this, defendant was charged by indictment with various crimes. Following a jury trial, defendant was convicted of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, criminal possession of marihuana in the third degree, two counts of criminally using drug paraphernalia in the second degree and menacing in the second degree. County Court thereafter sentenced defendant, as a second violent felony offender, to a prison term of 12 years, to be followed by three years of postrelease supervision, for the conviction of criminal possession of a controlled substance in the third degree, a prison term of 13 years, to be followed by five years of postrelease supervision, for the conviction of criminal possession of a weapon in the second degree, and lesser concurrent prison terms for the other convictions. Defendant appeals.
Defendant assails the verdict convicting him of criminal possession of a controlled substance in the third degree on the basis that the evidence was lacking regarding the element of intent to sell. The People tendered evidence that law enforcement officials found various plastic bags containing cocaine, a large quantity of marihuana, a digital scale and cash in defendant's apartment. Viewing the evidence in the light most favorable to the People, a juror could rationally conclude that defendant intended to sell the narcotics (see People v Salaam, 46 AD3d 1130, 1131 [3d Dept 2007], lv denied 10 NY3d 816 [2008]; People v Bond, 239 AD2d 785, 786 [3d Dept 1997], lv denied 90 NY2d 891 [1997]; People v Hardy, 232 AD2d 769, 770 [3d Dept 1996], lv denied 89 NY2d 923 [1996]). Although a contrary result would not have been unreasonable, viewing the evidence in a neutral light, the verdict convicting defendant of criminal possession of a controlled substance in the third degree is not against the weight of the evidence (see People v Davis, 83 AD3d 1210, 1211 [3d Dept 2011], lv denied 17 NY3d 794 [2011]).
Defendant also contends that the verdict as to the conviction for criminal possession of a controlled substance in the third [*2]degree, in addition to the convictions for criminal possession of a weapon in the second degree, criminal possession of marihuana in the third degree [FN1] and criminal use of drug paraphernalia, is not supported by legally sufficient evidence on the basis that the People failed to prove constructive possession over the items discovered in the apartment. Defendant, however, did not argue this in his trial motion to dismiss and, therefore, it is unpreserved (see People v Thomas, 215 AD3d 1052, 1053 [3d Dept 2023], lv denied 40 NY3d 931 [2023]). Defendant nonetheless argues that, for this same reason, the verdict is against the weight of the evidence. The record discloses that defendant admitted that the marihuana and gun were his. Defendant likewise admitted that the apartment where the cocaine was discovered was his apartment. Furthermore, as to the apartment at issue, the girlfriend testified that defendant lived there. The People also tendered evidence of an identification card, mail and a prescription that had defendant's name with the address of the apartment at issue. Although a contrary result would not have been unreasonable, viewing the evidence in a neutral light, the verdict with respect to the challenged convictions is not against the weight of the evidence (see People v Palin, 158 AD3d 936, 940 [3d Dept 2018], lv denied 31 NY3d 1016 [2018]; People v Paige, 77 AD3d 1193, 1196 [3d Dept 2010], affd 16 NY3d 816 [2011]; People v Echavarria, 53 AD3d 859, 862 [3d Dept 2008], lv denied 11 NY3d 832 [2008]; see generally People v Torres, 68 NY2d 677, 678-679 [1986]).
Regarding the conviction for menacing in the second degree, the People adduced testimonial evidence that defendant pointed a gun at the girlfriend and made threats to her while displaying the gun. The girlfriend further testified that she was fearful for her life and the lives of her children. Although an acquittal on this count would not have been unreasonable, viewing the evidence in a neutral light, the verdict is not against the weight of the evidence (see People v Hargett, 11 AD3d 812, 814 [3d Dept 2004], lv denied 4 NY3d 744 [2004]).[FN2]
Defendant contends that County Court should have expanded the Huntley hearing to include a Mapp/Dunaway hearing. We disagree. "Because hearings on suppression motions are not automatic or generally available for the asking by boilerplate allegations, such a request may be summarily denied if the motion papers do not provide a sufficient legal basis for suppression or where the sworn allegations of fact do not as a matter of law support the ground alleged" (People v Burton, 6 NY3d 584, 587 [2006] [internal quotation marks, citations and brackets omitted]). In his omnibus motion, the request for a Mapp/Dunaway hearing was supported only by an attorney affirmation with conclusory allegations made upon information and belief. Accordingly, the court did not err in summarily denying the request for a Mapp/Dunaway hearing (see People v Cowan, 207 AD3d 874[*3], 875 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Briskin, 125 AD3d 1113, 1117 [3d Dept 2015], lv denied 25 NY3d 1069 [2015]).
County Court did not err in denying defendant's motion to dismiss the indictment on the basis of a violation of CPL 190.50 (5) (a). The People do not have to inform a criminally accused person that a grand jury proceeding against such person is about to occur "unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding" (CPL 190.50 [5] [a]). As the court found, defendant waived his right to a preliminary hearing upon his arraignment on the felony complaints. Under this circumstance, the felony complaints were no longer "currently undisposed" within the meaning of CPL 190.50 (5) (a) (see People v Simmons, 178 AD2d 972, 972 [4th Dept 1991], lv denied 79 NY2d 1007 [1992]; People v Otello, 48 AD2d 169, 170-171 [3d Dept 1975]).
County Court also did not err in its Molineux ruling. In this regard, the court correctly found that evidence that defendant previously threatened the girlfriend with a handgun was relevant and probative of an element of a charged crime (see People v Kidd, 112 AD3d 994, 995 [3d Dept 2013], lv denied 23 NY3d 1039 [2014]). Furthermore, the court ameliorated any prejudice by giving a limiting instruction during the final charge (see People v Doane, 212 AD3d 875, 881 [3d Dept 2023], lv denied 39 NY3d 1154 [2023]). Defendant's assertion that the court deprived him of a fair trial based upon statements that it made to prospective jurors during voir dire is unpreserved in the absence of an objection to the challenged statements (see People v Tubbs, 115 AD3d 1009, 1011-1012 [3d Dept 2014]). Defendant also did not object to the court's Sandoval compromise ruling and, therefore, any challenge thereto is likewise unpreserved (see People v Casey, 214 AD3d 1121, 1123 [3d Dept 2023], lv denied 40 NY3d 927 [2023]).
As to the denial of the request for a mental competency examination under CPL 730.30 (1), whether to order such examination is a matter resting in the discretion of the trial court (see People v Morgan, 87 NY2d 878, 879 [1995]). At sentencing, defendant requested a mental competency examination on the basis that he had bipolar disorder and schizophrenia. County Court, however, noted the numerous times that defendant appeared before it, as well as the conversations between them, and found that there was nothing that gave it the impression that defendant was either incompetent or did not understand the proceedings. In view of the foregoing, the court did not abuse its discretion in denying defendant's request (see People v Russell, 74 NY2d 901, 902 [1989]; People v Kulakov, 72 AD3d 1271, 1272-1273 [3d Dept 2010], lv denied 15 NY3d 775 [2010], lv dismissed 16 NY3d 896 [2011]).
Defendant maintains that he was deprived of meaningful representation[*4]. Defendant's complaints with counsel's representation of him, however, are premised on his disagreement with trial strategies, for which defendant failed to show an absence of strategic or legitimate explanations for counsel's alleged inadequacies (see People v Hilton, 166 AD3d 1316, 1320 [3d Dept 2018], lv denied 32 NY3d 1205 [2019]). The objections and arguments defendant contends his counsel should have raised had little chance of success (see People v Leonard, 177 AD3d 1158, 1163 [3d Dept 2019], lv denied 34 NY3d 1160 [2020]). Even if counsel did make some errors, they did not rise to the level to constitute ineffective assistance (see People v Slivienski, 204 AD3d 1228, 1240 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]). Viewing counsel's representation in its entirety, defendant's ineffective assistance of counsel argument is without merit (see People v Damon, 200 AD3d 1323, 1326-1327 [3d Dept 2021]).
Regarding the sentence, defendant waived the argument that the People failed to strictly comply with CPL 400.21 by not objecting to County Court's finding regarding the prior convictions (see People v Johnson, 133 AD3d 1028, 1029 [3d Dept 2015]; People v Kennedy, 277 AD2d 814, 815 [3d Dept 2000], lv denied 96 NY2d 760 [2001]). Furthermore, the imposed sentence is neither unduly harsh nor severe (see CPL 470.15 [6] [b]; People v Robinson, 217 AD3d 1269, 1269 [3d Dept 2023]), and we decline defendant's request to reduce it in the interest of justice. To the extent that defendant argues that he was penalized for exercising his right to a trial given the disparity between the pretrial offer and the imposed sentence, this argument is unpreserved (see People v Houze, 177 AD3d 1184, 1189 [3d Dept 2019], lv denied 34 NY3d 1159 [2020]). Defendant's remaining contentions, including those raised in his pro se supplemental brief, have been considered and are unavailing.
Garry, P.J., Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant also requests that this Court modify the judgment in the interest of justice with respect to the marihuana conviction based upon the enactment of the Marihuana Regulation and Taxation Act (L 2021, ch 92). To obtain this relief, however, defendant must petition the court of conviction (see People v Coler, 214 AD3d 1207, 1207-1208 [3d Dept 2023], lv denied 40 NY3d 1091 [2024]).

Footnote 2: Defendant did not move to dismiss the count charging him with menacing in the second degree. Accordingly, his legal sufficiency argument with respect thereto is unpreserved (see People v McMillan, 220 AD3d 1119, 1120 [3d Dept 2023], lv denied 40 NY3d 1081 [2023]).